UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON H. "QIYAM" POGUE,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES YATES, et al.,<br><br>        Defendants. | 1:07-cv-01577-OWW-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PRELIMINARY INJUNCTION<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

    Plaintiff, Leon H. "Qiyam" Pogue ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 11, 2007, plaintiff filed the complaint in this action at the United States District Court for the Northern District of California. On October 23, 2007, the case was transferred to the Eastern District of California and received in this division on October 29, 2007. Plaintiff seeks an immediate preliminary injunction prohibiting defendants from forcing him to remain at Pleasant Valley State Prison where there is no physical therapy for his recent surgery and where he is suffering in pain and fear of retaliation by defendants for filing this complaint.

    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination

1

of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Plaintiff filed this action on October 11, 2007. The court has a large number of cases pending before it and will screen plaintiff's complaint for sufficiency of the claims in due course. 28 U.S.C. § 1915A. Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint. At this juncture, plaintiff's request for preliminary injunctive relief is premature. Plaintiff may file another request for preliminary injunctive relief at a later stage. Plaintiff is cautioned that any further requests or motions for preliminary injunctive relief that are filed before defendants are served with process in this case will be denied as premature. In addition, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). Thus, a party seeking a preliminary injunction must support the motion for relief by sufficient evidence.

2

      Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's request for preliminary injunctive relief, filed with the complaint on October 11, 2007, be DENIED, without prejudice. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 5, 2007**               /s/ Sandra M. Snyder
                                                               UNITED STATES MAGISTRATE JUDGE