UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON H. "QIYAM" POGUE, | 1:07-cv-01577-OWW-SMS-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 2) |
| v. | |
| JAMES YATES, et al., | ORDER FOR CLERK TO SEND PLAINTIFF COMPLAINT FORM |
| Defendants. | THIRTY DAY DEADLINE |

Plaintiff Leon H. "Qiyam" Pogue ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 11, 2007, in the Northern District of California. The case was subsequently transferred to the Eastern District of California and received in the Fresno division on October 29, 2007.

**A.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001)). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"), where the events at issue in this action allegedly occurred. In the complaint, plaintiff alleges that defendants have not adequately treated him for back pain during the time he has been incarcerated at PVSP. Plaintiff alleges he suffered extreme pain and required a serious back surgery because of the delay in treatment. Plaintiff is seeking money damages, injunctive relief,

and declaratory relief. Plaintiff requests a transfer to a facility offering better medical services. Plaintiff names as defendants Dr. Igbanosa (Chief Medical Officer), James Yates (Warden), Dr. Phi, Brandon Price (Medical Appeals Coordinator), Dr. Diep (Medical Appeals Coordinator), Alhin (Associate Warden), H. Martinez (Appeals Coordinator), I. Hickenbothm (Correctional Counselor), and Does 1-5 (Unknown Prison Officials). All defendants are employees of the California Department of Corrections and Rehabilitation at PVSP.

## C. PLAINTIFF'S CLAIMS

### 1. Exhibits to Complaint

Plaintiff's complaint is forty four pages long, including thirty eight pages of exhibits which consist primarily of copies of plaintiff's prison appeals. In the body of the complaint, plaintiff refers to only two exhibits, an ADA request for accommodation by plaintiff (on CDC form 1824), and a Director's Level Appeal Decision responding to an appeal by inmate Schroeder. (See Pltf's Cmp, Court Doc. 2, at exhibits A & F.) Plaintiff is informed that he may not submit exhibits in support of his complaint in this manner.

First, plaintiff is informed that the court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, letters written by plaintiff to various persons, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). Evidence improperly submitted to the court will be disregarded or stricken.

Second, with regard to exhibits intended to support a complaint, such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). With regard to exhibits that are properly attached to the complaint, plaintiff is cautioned that it is not the duty of the court to wade through his exhibits to determine whether or not he has claims cognizable under section 1983. Rather, the court looks to the factual allegations contained in plaintiff's complaint to determine whether or not plaintiff has stated a cognizable claim for relief under section 1983. If plaintiff attaches exhibits to his complaint, each exhibit must be specifically referred to. For example, plaintiff must state "see Exhibit A" or something similar in order to alert the court to exactly which exhibit plaintiff refers. Plaintiff may not merely point

the court to attached exhibits and expect that the court will read through all of the exhibits and determine which exhibit it appears that plaintiff refers to. Further, if the exhibit consists of more than one page, plaintiff must refer to the specific portion of the exhibit.

Third, the court deems it necessary to caution plaintiff regarding the attachment of exhibits to his complaint. Although the Federal Rules of Civil Procedure allow parties to attach exhibits to their pleadings, it is the experience of this court that when prisoners proceeding without the assistance of counsel submit exhibits in support of their complaints, the exhibits serve only to confuse the record and make it much more difficult for the court to determine whether or not the prisoner has any cognizable claims for relief. As previously stated, the court looks to the factual allegations to determine whether or not the plaintiff has stated a claim for relief. The court must assume that the plaintiff's factual allegations are true. Therefore, it is unnecessary, generally, for the plaintiff to submit evidence in support of his allegations.

In the instant action, plaintiff's best interests are served by submitting a complaint that is clear, concise and complete. A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley, 355 U.S. at 45-46. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

In summary, plaintiff is informed that he may not submit exhibits in support of his complaint in this manner. For these reasons, with the exception of the two exhibits identified above, plaintiff's thirty-eight pages of exhibits attached to the complaint shall be disregarded.

///

///

///

**2.    Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff does not mention defendants Yates, Price, Martinez, Hickenbothm, or Does 1-5 in the complaint except to name them as defendants. As stated above, in order to state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Plaintiff does not allege any facts giving rise to any cognizable claim for relief under section 1983 against defendants Yates, Price, Martinez, Hickenbothm, or Does 1-5.

**3.    Eighth Amendment Medical Claims**

**A.    Legal Standard**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing

5

1 Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a
2 "sufficiently culpable state of mind," which entails more than mere negligence, but less than
3 conduct undertaken for the very purpose of causing harm. Farmer, 511 U.S. at 837. A prison
4 official does not act in a deliberately indifferent manner unless the official "knows of and
5 disregards an excessive risk to inmate health or safety." Id.

6 In applying this standard, the Ninth Circuit has held that before it can be said that a
7 prisoner's civil rights have been abridged, "the indifference to his medical needs must be
8 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
9 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing
10 Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or
11 treating a medical condition does not state a valid claim of medical mistreatment under the
12 Eighth Amendment. Medical malpractice does not become a constitutional violation merely
13 because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,
14 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992),
15 overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)
16 (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious
17 medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

18 Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.
19 at 104-05. To establish a claim of deliberate indifference arising from delay, a plaintiff must
20 show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per
21 curiam*); McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Hunt v. Dental Dep't, 865 F.2d
22 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th
23 Cir.1985) (*per curiam*). Moreover, mere differences of opinion between a prisoner and prison
24 medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v.
25 McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989);
26 Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).
27 ///
28 ///

### B. Prison Policy

A claim may arise against a defendant for relief under section 1983 based on a theory of supervisory liability for promulgating or "implement[ing] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges that defendants Chief Medical Officer Igbanosa, Dr. Diep, and Dr. Phi "have a policy that only allows medical transfers to medical facilities" if the inmate has aids, cancer, or severe COPD/asthma needing an oxygen tank. Plaintiff alleges that Dr. Phi denied him a needed medical transfer because of this policy. Plaintiff has not alleged sufficient facts to support a cognizable claim against defendants Igbanosa, Diep, or Phi under section 1983 for violating his constitutional rights due to the medical transfer policy.

### C. Dr. Phi

Plaintiff alleges that defendant Dr. Phi denied plaintiff's prison appeal requesting to be transferred to a medical facility. These alleged facts do not show that Dr. Phi "knew of and disregarded an excessive risk to inmate health or safety." Therefore, plaintiff has not alleged facts sufficient to support a cognizable claim against Dr. Phi for violations of his rights to medical care under the Eighth Amendment.

### D. Supervisory Liability

Generally, there is no respondeat superior liability under § 1983. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), quoted in Bell v. Clackamas County, 341 F.3d 858, 867 n. 3 (9th Cir. 2003). "A supervisor may be liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001). In other words, supervisors "can be held liable 'only if they play an affirmative part in the alleged deprivation of constitutional rights,' [i.e. by] 'set[ting] in motion a series of acts by others ..., which he knew or reasonably should have known, would cause others to inflict the constitutional injury.' " Graves v. City of Coeur D'Alene, 339 F.3d 828,

848 (9th Cir. 2003) (*citations omitted*) (*quoting* <u>Rise v. Oregon</u>, 59 F.3d 1556, 1563 (9th Cir. 1995); <u>Larez v. City of LA</u>, 946 F.2d 630, 646 (9th Cir.1991)).

Plaintiff alleges that defendant Associate Warden Ahlin approved Dr. Phi's response to plaintiff's appeal, which denied plaintiff's request to be transferred to a medical facility. These alleged facts do not show that Ahlin knew or should have known that Phi's decision to deny plaintiff's appeal would cause constitutional injury. Therefore, plaintiff fails to state a cognizable claim under section 1983 against defendant Ahlin.

**E.     Medical Care Claim**

Defendant alleges that when he arrived at PVSP in January 2006, medical staff knew that he had recently had back surgery in August 2005 and was experiencing extreme pain. Plaintiff alleges that it took defendants eighteen months to get him the medical attention he required. Plaintiff alleges that after eighteen months of suffering in extreme pain, defendants ordered an MRI of his back and discovered that he needed major back surgery. Plaintiff alleges that surgery was performed at PVSP in 2007 to remove discs, fuse his spine, and place two metal bars and four metal screws in his back. Plaintiff alleges the delays in treatment caused him to require a life altering surgery that will forever affect his daily living. Plaintiff alleges that defendants refused to transfer him to a medical facility equipped to treat his serious medical condition. Plaintiff alleges that after his back surgery at PVSP in 2007, he was not given sufficient pain medication during the first week after surgery because PVSP ran out of morphine, and this is not the first time PVSP ran out of morphine when an inmate needed it. Plaintiff also alleges that he has not received adequate physical therapy.

Plaintiff has alleged facts in support of his allegations that his rights to adequate medical care under the Eighth Amendment were violated. However, plaintiff fails to show that conduct by any of the named defendants caused a violation of his constitutional rights. Plaintiff has not demonstrated that any of the named defendants "knew of and disregarded an excessive risk to inmate health or safety." Therefore, plaintiff fails to state a cognizable Eighth Amendment claim against any of the named defendants.

///

### E. Conclusion

Based on the foregoing, the court finds that plaintiff's complaint fails to state cognizable claims for relief under § 1983 against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). The court will grant plaintiff the opportunity to file an amended complaint to cure the deficiencies identified by the court in this order, if he wishes.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

As for plaintiff's Eighth Amendment medical care claim, plaintiff is reminded that in order to prevail, he must show the mistreatment rises to the level of "deliberate indifference to serious medical needs." A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id. Further, to establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry, 39 F.3d at 1057; McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Hunt, 865 F.2d at 200; Shapley, 766 F.2d at 407.

Plaintiff is also advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord

9

Forsyth, 114 F.3d at 1474.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED, with leave to amend, for failure to state a claim.  Within **thirty (30) days** from the date of service of this order, plaintiff shall:
    a. File a First Amended Complaint curing the deficiencies identified by the court in this order, or
    b. Notify the court in writing that he does not wish to file an amended complaint and pursue the action, but instead wishes to voluntarily dismiss the case;
2. The Clerk of Court is DIRECTED to send plaintiff a blank civil rights complaint form; and
3. Plaintiff is forewarned that his failure to comply with this order may result in a recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   January 24, 2008**                                 /s/ **Sandra M. Snyder**
                                                                UNITED STATES MAGISTRATE JUDGE