# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. H. "Qiyam" Pogue, | No. CV 1-07-1577-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Dr. Igbinosa, et al., | |
| Defendants. | |

Plaintiff L. H. "Qiyam" Pogue, who is confined in the Pleasant Valley State Prison in Coalinga, California, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Sandra M. Snyder issued an Order dismissing Plaintiff's original Complaint with leave to amend (Doc. # 11). Plaintiff has filed a First Amended Complaint (Doc. # 15). The Court will order Defendants Igninosa, Yates, Phi, Diep, Price, Martinez, Ahlin, Hickenbothom, and Ehrman to answer the First Amended Complaint and will dismiss the Doe Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Complaint

In his First Amended Complaint, Plaintiff sues the following employees at the Pleasant Valley State Prison (PVSP): (1) Chief Medical Officer Igbinosa; (2) Warden Yates; (3) Dr. Phi; (4) Dr. Diep; (5) Medical Appeals Coordinator Price; (6) Associate Warden Coordinator Ahlin; (7) Appeals Coordinator Martinez; (8) Correctional Counselor Hickenbothom; (9) Dr. Ehrman; and (10) John and Jane Does I-V.

Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs. Specifically, Plaintiff claims that he underwent back surgery in January 2006, which resulted in serious pain and numbness. Plaintiff avers that Diep and Igbinosa took 18 months to allow Plaintiff to receive an MRI, which finally revealed that Plaintiff had 3 protruding discs that prevented him from using his left leg. Plaintiff further alleges that Diep and Igbinosa have a policy of not allowing inmates to see back specialists. Plaintiff also claims that Yates, Ahlin, Price, Martinez, Phi, and Hickenbothom were all notified of Plaintiff's situation through inmate requests and/or appeals, but they failed to take any action. Finally, Plaintiff claims that Ehrman is his current physician and discontinued Plaintiff's pain medication without examining him, causing Plaintiff severe pain.

## III. Failure to State a Claim - Doe Defendants

Plaintiff has named John and Jane Does 1-5, whom Plaintiff alleges refused to investigate his claims of deliberate indifference. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the

- 2 -

unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff may use the discovery processes to obtain the names of the persons whom he believes violated his constitutional rights. If Plaintiff discovers the true identity of these fictitious parties through the discovery process, or otherwise, he may seek leave of the Court to amend his complaint to name the individuals in place of John and Jane Does 1-5.

**IV.     Plaintiff's Memorandum of Law in Support of this First Amended Complaint**

In addition to the First Amended Complaint, Plaintiff has submitted a memorandum in support thereof. These factual allegations are excessive and unnecessary, particularly because they relate to events before Plaintiff was transferred to the Pleasant Valley State Prison, where Defendants are employed. And the allegations in Plaintiff's First Amended Complaint are sufficient to put the Defendants on notice of the claims against them. Consequently, the Court will disregard the Memorandum of Law in support of the First Amended Complaint. See Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1132 (9th Cir. 2008) ("The district court also has ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive factual detail.").

**V.     Claims for Which an Answer Will be Required**

At this stage, Plaintiff has sufficiently stated a claim of deliberate indifference to his serious medical needs against Diep, Igbinosa, Phi, Yates, Ahlin, Price, Martinez, Hickenbothom, and Ehrman and they will be required to answer the First Amended Complaint.

**VI.     Warnings**

   **A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants John and Jane Does I-V are **dismissed** without prejudice (Doc. # 15).

(2) Plaintiff's Memorandum of Law in Support of his First Amended Complaint is hereby **disregarded** (Doc. # 15).

(3) Defendants Diep, Igbinosa, Phi, Yates, Ahlin, Price, Martinez, Hickenbothom, and Ehrman must answer the First Amended Complaint (Doc. # 15).

(4) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. # 15), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Diep, Igbinosa, Phi, Yates, Ahlin, Price, Martinez, Hickenbothom, and Ehrman.

(5) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(6) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents

1 and the required documents, the Court will direct the United States Marshal to seek waiver
2 of service from each Defendant or serve each Defendant.

(7) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** <u>See</u> **Fed. R. Civ. P. 41(b).**

DATED this 25th day of March, 2009.

*/s/ G. Murray Snow*
G. Murray Snow
United States District Judge