IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Leon H. Pogue,             )
            Plaintiff,       )   No. 1:07cv-01577-GMS
                               )
vs.                        )   **ORDER**
                               )
Dr. Igbanosa, et al.,      )
            Defendants.      )
                               )

       Pending before the Court is Defendants' Motion To Continue Trial (Doc. 69). Because Defendants' Motion is not supported by good cause, the motion is denied. A scheduling order is not modified absent good cause. Fed. R. Civ. P. 16(b)(4). If a party has not acted with diligence in attempting to comply with the scheduling order, then good cause is not established. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). Defendants' Motion establishes that both Defendants Ahlin and Martinez were aware of the date scheduled for trial, and, with that knowledge, both scheduled surgeries that conflicted with the trial date as set. Defendant Ahlin's doctor scheduled a hip replacement surgery on January 14, 2011. Defendant Ahlin apparently accepted the date on which her doctor scheduled surgery without informing his surgeon of his trial date, inquiring as to alternate dates, or informing this Court why an alternate date for surgery was not possible or even constituted a hardship. The Court recognizes that hip replacement surgery is important and is not elective in nature, however, neither, absent circumstances of which the

1  Court has not been informed, is such surgery emergent.  Ahlin's failure to take steps to
2  demonstrate why the surgery could not occur at a different time does not constitute good
3  cause and does not merit a continuance of trial.  Similarly Martinez does not identify the
4  nature of her surgery other than that it is "major" surgery that she, too, scheduled on
5  December 30, and she will not, thereafter, be able to attend trial for thirty days.  She does
6  not indicate that the surgery is emergent in nature or that it could not otherwise be scheduled
7  without undue hardship for her.  It is evident by the affidavit of her counsel that she, too,
8  was aware of the trial date when she scheduled her surgery.  Absent additional information
9  justifying her inability to otherwise schedule surgery, the Motion does not establish diligence
10 and does not establish good cause.

11    Further, the Court has reviewed the nature of Plaintiff's Complaint. Given the nature
12 of the claims, Ahlin and Martinez appear to be nominal Defendants, and counsel for
13 Defendants makes no argument why, in the absence of Ahlin and/or Martinez he could not
14 mount a complete defense to the charges.

15    **IT IS THEREFORE ORDERED** denying Defendants' Motion to Continue Trial
16 (Doc. 69).

17    DATED this 21st day of December, 2010.

_____
G. Murray Snow
United States District Judge