**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Leon H. Pogue, | ) | No. 1:07cv-01577-GMS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dr. Igbanosa, et. Al., , | ) | |
| Defendant. | ) | |

Pending before the Court is Plaintiff's Notice of Motion and Motion for Sanctions, Doc. 104.

Plaintiff basically failed to engage in any discovery for a period of years in this case. Once Plaintiff obtained counsel, counsel asked that the discovery period be extended so that he could conduct basic discovery on Plaintiff's claims. The Motion was granted to a limited extent, and Plaintiff served his Request for Production of Documents on Defendants on February 28, 2011. Plaintiff received his initial Responses on April 4. He thereafter requested assurances from the Defendants that they had searched not only their work files but their own personal files (both electronic and hard copy) for any documents responsive to Plaintiff's interrogatories. Although Plaintiff received two supplemental responses, he still alleges that he has no adequate assurances that Defendants personal files have been searched for material responsive to his Request for Production

Plaintiff previously requested authorization to move for sanctions based on the

1 assertion that Defendants had failed to take adequate steps once they were apprised of this
2 litigation to preserve documents.  That motion was denied.  Plaintiff was authorized,
3 however, to file a motion seeking sanctions with respect to the failure of some of the
4 individual Defendants to sufficiently respond to Plaintiff's request for production.  The
5 motion was authorized with respect to individual Defendants Diep, Ahlin, Price and
6 Martinez.

7 In his motion, Plaintiff principally argues that sanctions are merited by the failure of
8 Defense counsel to provide Plaintiff's counsel with adequate assurances that Defendants
9 searched not only their office or business files and records but their own personal files to
10 respond to the Requests for Production.  Plaintiff requests that, as sanctions for this alleged
11 failure Defendants be: (1) "precluded from relying on the absence of documents as a basis
12 for arguing on summary judgment that Plaintiff has failed to show genuine issues of disputed
13 fact" regarding their deliberate indifference to his serious medical needs; and (2) Defendants
14 (but not Plaintiff) are precluded from relying on or entering into evidence documents
15 produced after June 13.

16 Plaintiff's motion is denied in its entirety.  After having reviewed the motion and its
17 supporting materials together with the response and its supporting materials, the Court is of
18 the view that all possibly responsive files have been searched and Plaintiff has received all
19 responsive documents.  Further, Plaintiff has not satisfied this Court that any possible
20 relevant or responsive document was deleted or destroyed by any of the individual
21 Defendants. Therefore, in the Court's judgment, no sanctions are indicated and the motion
22 for sanctions is denied in its entirety.  *See, e.g., Tri-County motors, inc. v. American Suzuki*
23 *Motor Corp.,* 301 Fed. Appx. 11, 14 2008 WL 5063291 (2nd Cir. 2008) (lack of evidence
24 that the allegedly missing e-mails actually existed or were relevant to the litigation" justified
25 the Court for failing to impose sanctions), *Concord Boat Corp. V. Brunswick Corp.,* 1997
26 WL 33352759 (E.D. Ark. 1997) (holding no adverse inference instruction appropriate where
27 there was no evidence, direct or circumstantial of the allegedly unfavorable e-mails.).

28

1   **IT IS THEREFORE ORDERED** denying the Motion for Sanctions (Doc. 104).

2   DATED this 12th day of October, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge