IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leon H. Pogue,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Dr. Igbanosa, et al.,<br><br>　　　　　　Defendants. | No. 1:07cv-01577-GMS<br><br>**AMENDED<br>ORDER SETTING TELEPHONIC<br>FINAL PRETRIAL CONFERENCE** |

　　　　Pursuant to Rule 16(d) of the Federal Rules of Civil Procedure, a telephonic Final Pretrial Conference shall be held on **May 4, 2012 at 2:00 p.m. (Arizona time)**. The parties are directed to call (602) 322-7650 from a land line, no cell phones. In preparation for this Final Pretrial Conference, **IT IS HEREBY ORDERED**:

　　　　1.　　The attorneys who will be responsible for the trial of the case shall participate by telephone at the Final Pretrial Conference.[1] Counsel shall have access to their calendars so that trial scheduling can be discussed.

　　　　2.　　The parties jointly shall prepare a Proposed Final Pretrial Order and shall lodge it with the Court no later than **5:00 p.m.** on **April 20, 2012**. Preparation and lodging of the Proposed Final Pretrial Order in accordance with the requirements of this Order shall

---

[1] Plaintiff's counsel shall make arrangements for Plaintiff to call in to participate at the Final Pretrial Conference.

be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties shall submit a copy of the Proposed Final Pretrial Order to the Court in WordPerfect® 9.0 or Word format either by email to snow_chambers@azd.uscourts.gov.

3. The Proposed Final Pretrial Order shall include the information prescribed in the Joint Proposed Final Pretrial Order form found at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures. Information shall not be set forth in the form of a question, but shall be presented in concise narrative statements.

4. The Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure and listed in the Proposed Final Pretrial Order, except to prevent manifest injustice.

5. The parties shall exchange drafts of the Proposed Final Pretrial Order no later than **14 days** before the submission deadline. The Plaintiff(s) shall have the burden of initiating communications concerning the Proposed Final Pretrial Order.

6. The parties shall (a) number and mark exhibits as follows: Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendant's exhibits shall be pre-marked with the prefix "DX" and lettered sequentially beginning with A (e.g., DX-A, DX-B, etc.) ; (b) meet in person and exchange marked copies of all exhibits to be used at trial no later than **14 days** before the submission deadline for the Proposed Final Pretrial Order (any exhibit not marked and exchanged at this meeting shall be precluded at trial); and (c) eliminate any duplicate exhibits while meeting to exchange exhibits.

7. The parties shall file and serve all motions in limine no later than **April 20, 2012**. Responses to motions in limine shall be filed on or before **April 27, 2012**. Each motion in limine shall include proposed language for the order in limine being sought from the Court, and the proposed language shall state with precision the evidence that is subject

to the proposed order and the limitation or exclusion placed on the evidence. The motions and responses must be concise and shall not exceed three (3) pages in length. No replies shall be filed. Counsel shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

       8.     If this case will be tried to a jury, the parties shall complete the following tasks by the time of the lodging of the Proposed Final Pretrial Order:

       (a)     The parties shall file a stipulated description of the case to be read to the jury.

       (b)     The parties shall jointly file a proposed set of voir dire questions. The voir dire questions shall be drafted in a neutral manner. To the extent possible, the parties shall stipulate to the proposed questions. If the parties have any disagreement about a particular question, they shall state the reason for their objection below the question. The parties shall also provide, for the purposes of voir dire, a joint master list of the names of every witness who may be called at trial.

       (c)     The parties shall file proposed jury instructions in accordance with "Guidelines for Jury Instructions in Civil Cases" found at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures.

       (d)     Each party shall file a proposed form of verdict, including any proposed special verdict forms or juror interrogatories.

       (e)     The joint statement of the case, proposed voir dire questions, proposed jury instructions, and forms of verdict shall be submitted in WordPerfect® 9.0 or Word format either by email to snow_chambers@azd.uscourts.gov.

       9.     If the case will be tried to the Court, each party shall lodge proposed findings of fact and conclusions of law with the Proposed Final Pretrial Order. The proposed findings of fact and conclusions of law shall also be submitted in WordPerfect® 9.0 or Word format either by email to snow_chambers@azd.uscourts.gov.

10. The parties shall be prepared to advise the Court at the Final Pretrial Conference of the status of settlement discussions. Should settlement be reached at any time, the parties promptly shall file a Notice of Settlement with the Clerk of the Court.

11. Counsel shall review the statement of Trial Conduct and Decorum before the Final Pretrial Conference. A copy can be found on the Court's website at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures.

12. **Full and complete compliance with this Order shall be required by the Court.**

DATED this 29th day of February, 2012.

*G. Murray Snow*
United States District Judge

- 4 -